## WILLIAM H. POTTS v. JACKSON COUNTY SUPERVISORS.

*No trial fee in justice's court where there is no trial.*

Under the statute of 1881, which gives to a justice of the peace specific fees for various services in criminal cases, and among others gives a definite sum for the trial of a cause, the justice is not entitled to that fee in a case where the accused pleads guilty.

Mandamus. Submitted Jan. 24. Denied Jan. 25.

*Gibson, Parkinson & Ashley* for relator.

PER CURIAM. The relator is a justice of the peace in Jackson county, and had presented to the board of supervisors a bill for his services in criminal cases. Among the items were charges for the trial of cases in which the defendants pleaded guilty. These charges the supervisors refused to allow on the ground that the statute did not entitle the relator to make them. The relator now applies for a *mandamus*.

In a previous case—not reported—which arose under the Compiled Laws of 1871, the court held that the statute did not give a trial fee to the justice except in cases where an issue was actually tried. If the defendant pleaded guilty, there was nothing to try, and the justice was only entitled to the fees which were given for other specific services in the case.

The statute of 1881 does not make any change in this regard. Receiving a confession is not a trial, and there is no trial fee when there is no trial.